IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:18-CR-30103-NJR-7 |
| ARTURO LEDESMA, JR., | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Dismiss for Improper Venue, or in the Alternative, Motion for Change of Venue filed by Defendant Arturo Ledesma, Jr. (Doc. 469). The Government opposes the motion. (Doc. 488).

Ledesma was charged by Superseding Indictment on December 10, 2019, with one count of conspiracy to distribute and possess with intent to distribute controlled substances, namely 500 grams or more of methamphetamine (Count 1) and possession with intent to distribute methamphetamine by aiding and abetting (Count 2). (Doc. 316). Ledesma now asks the Court to dismiss the charges against him for improper venue or, alternatively, to transfer this case to either Arizona or California. Ledesma argues that his alleged role in the conspiracy occurred in Arizona and California; thus, that is where trial should be held.

In response, the Government proffers the following facts in support of venue in the Southern District of Illinois. On May 9, 2018, Enrique Vazquez and Mitchell Abreu departed from Reading, Pennsylvania, en route to Phoenix, Arizona. (Doc. 488). The men were equipped with a firearm, several cell phones, and thousands of dollars in cash to purchase a

large quantity of methamphetamine in Phoenix. (*Id.*). After arriving in Phoenix, the men purchased 13,475 grams of methamphetamine and hid the drugs in compartments in their car. (*Id.*). On their way back to Pennsylvania, where they would distribute the controlled substances to multiple local suppliers, Vazquez and Abreu were pulled over by an Illinois State Patrol Officer who, after conducting a probable cause search, discovered and seized the methamphetamine. (*Id.*).

The Government alleges that Ledesma set up the drug deal in Phoenix. (*Id.*). More specifically, Ledesma: chose the location in Phoenix; coordinated with associates to deliver the methamphetamine to Vazquez and Abreu; coordinated with his friends to ensure Vazquez and Abreu would arrive in Phoenix prepared to pay for and receive the drugs; discussed the quantity of drugs to be delivered to Vazquez and Abreu; drove from his home in California to Phoenix to meet with his co-conspirators to complete the deal; met with his co-conspirators at a hotel in Phoenix prior to the deal; led his co-conspirators to a residence in Phoenix to complete the deal; and facilitated the deal at that residence when his associates provided the 13,475 grams of methamphetamine to Vazquez and Abreu in exchange for thousands of dollars. (*Id.*).

The Government further alleges this drug deal was the culmination of an extensive conspiracy to distribute controlled substances across the country, and that the evidence will show Ledesma and his co-conspirators conspired to distribute methamphetamine and marijuana for more than a year prior to the Phoenix deal. (*Id.*). The Government argues that because Ledesma's co-defendants, Vazquez and Abreu, were caught in the Southern District of Illinois possessing with the intent to distribute the methamphetamine that Ledesma helped them acquire, venue is proper in this district as to Count 1. Venue is also proper as to Count

2 because the Seventh Circuit has consistently held that the aiding and abetting statute permits prosecution in the district where the substantive crime occurs.

## LEGAL STANDARD

Article III of the Constitution requires that criminal trials be held in the state where the crime was committed. Art. III § 2 cl. 3. Further, the Sixth Amendment provides that criminal prosecutions must proceed in "the State and district wherein the crime shall have been committed." U.S. CONST. amend. VI.; *See also United States v. Muhammad*, 502 F.3d 646, 651 (7th Cir. 2007); FED. R. CRIM. P. 18.

"Courts determine whether venue is proper by considering 'the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Firtash*, 392 F. Supp. 3d 872, 880 (N.D. Ill. 2019) (quoting *United States v. Clark*, 728 F.3d 622, 623–24 (7th Cir. 2013)). Conspiracy is a "continuing crime," which means it can be charged anywhere the conspiracy "was begun, continued, or completed." *United States v. Spraggins*, No. 1:19-CR-00821, 2021 WL 4264418, at *6 (N.D. Ill. Sept. 20, 2021) (quoting 18 U.S.C. § 3237(a)). Thus, the Seventh Circuit has held that venue is proper in conspiracy cases in "any district in which an overt act of the conspiracy occurred," even if there is no evidence that the defendant ever entered that district or that the conspiracy was formed there. *Firtash*, 392 F. Supp 3d at 880 (quoting *United States v. Ochoa*, 229 F.3d 631, 636–37 (7th Cir. 2000)).

When venue is challenged, the Government has the burden of proving proper venue for each count. *Id.* But, because venue is not an element of the offense, the Government need only establish venue by a preponderance of the evidence rather than beyond a reasonable doubt. *Muhammad*, 502 F.3d at 651. To do so, it may rely on the allegations in the indictment, which are accepted as true for purposes of a pretrial motion to dismiss for improper venue.

*Clark*, 728 F.3d at 623.

### A. Motion to Dismiss for Improper Venue

Ledesma argues the Superseding Indictment only alleges his involvement in one drug transaction, and that transaction allegedly occurred in Phoenix. Ledesma asserts that this one transaction is insufficient to demonstrate an agreement to join a drug distribution conspiracy. Because Ledesma had no knowledge of any purported conspiracy, the alleged co-conspirators, or the trip that Vazquez and Abreu took across the country, he argues, he should not have to defend against criminal charges in the Southern District of Illinois.

For purposes of determining venue, however, the Court accepts the allegations in the Superseding Indictment and the facts proffered in the Government's brief as true. *See Spraggins*, No. 1:19-CR-00821, 2021 WL 4264418, at *3. Here, the Government has alleged in Count 1 that Ledesma was part of a conspiracy to distribute, and possess with intent to distribute, methamphetamine. (Doc. 316). The Government has further proffered that Ledesma facilitated the purchase of a large quantity of methamphetamine to Vazquez and Abreu. Ledesma allegedly chose a location in Phoenix for the sale, coordinated with his associates to deliver the methamphetamine, and met with his co-conspirators to prepare for and complete the sale of the methamphetamine to Vazquez and Abreu. Vazquez and Abreu were then caught in the Southern District of Illinois with the methamphetamine that Ledesma helped them acquire. In other words, an overt act of the conspiracy occurred in the Southern District of Illinois. These allegations are sufficient to establish venue in this district if proved by a preponderance of the evidence at trial.

Venue is also appropriate in the Southern District of Illinois on Count 2, which charges Ledesma with Aiding and Abetting the Possession with Intent to Distribute a Controlled

Substance. While Ledesma contends that any conduct regarding aiding and abetting would have taken place in Arizona or California, "the prosecution of an aider and abettor [is permitted] not only in the district in which he committed the accessorial acts but also in the district where the substantive crime was committed." *United States v. Kilpatrick*, 458 F.2d 864, 868 (7th Cir. 1972). Because Abreu and Vazquez were arrested in the Southern District of Illinois with the methamphetamine they purchased in a deal arranged by Ledesma, venue is proper in this district.

Ledesma's motion to dismiss for improper venue is therefore denied with leave to refile if the Government does not meet its burden at trial.

### B.    Motion to Transfer Venue

Alternatively, Ledesma asks the Court to transfer venue of this case to California or Arizona. Under Rule 21(b) of the Federal Rules of Criminal Procedure, upon motion by the defendant, "the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."

To determine whether transfer of venue is "in the interest of justice," the Court considers the: (1) location of the defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket conditions of each district or division involved; and (10) any other special elements that might affect the transfer. *Platt v. 3M*, 376 U.S. 240, 243-44 (1964).

Here, Ledesma avers that none of the defendants reside in the Southern District of

Illinois, the witnesses are not located in this district, and his co-conspirators and any evidence related to the alleged conspiracy are in California or Arizona. Thus, venue should be transferred "in the interest of justice."

As noted by the Government, however, the Court has previously ordered the United States Marshals Service to arrange and pay for Ledesma's transportation from California to the Southern District of Illinois for trial, as well as to provide Ledesma with hotel accommodations, subsistence expenses, and local travel expenses. (Doc. 428). Likewise, the Government, along with the Marshals Service, will arrange for the transportation and accommodations of all other witnesses. Moreover, counsel for both the Government and for Ledesma are located here, and matters related to the conspiracy, including the prosecution of Ledesma's co-defendants, have been litigated in this district.

For these reasons, while venue may be permissible in Arizona or California, the Court finds that the *Platt* factors do not favor transfer of the case, nor would transfer be in the interest of justice. Ledesma's alternative motion to transfer venue is, therefore, denied.

## Conclusion

As set forth above, the Motion to Dismiss for Improper Venue, or in the Alternative, Motion for Change of Venue filed by Defendant Arturo Ledesma, Jr. (Doc. 469) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**